IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRUBRIDGE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 25-0321-WS-C |
| | ) |
| LASALLE PARISH HOSPITAL | ) |
| SER ICE DISTRICT NO. 1, etc., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The defendant has filed a motion to dismiss or, in the alternative, to stay or to transfer.  (Doc. 13).  The plaintiff has filed a response and the defendant a reply, (Docs. 15-18), and the motion is ripe for resolution.

**BACKGROUND**

According to the complaint, (Doc. 1), the Alabama plaintiff provides electronic health record services, and the defendant operates a hospital and related medical facilities in Louisiana.  In June 2021, the parties entered a written agreement ("the Contract").  The Contract was for a term of seven years but, in June 2024, the defendant notified the plaintiff it was terminating the Contract and declaring it null and void.  The defendant asserted that it is a political subdivision of the state of Louisiana and that the Contract is null and void under Louisiana law for lack of requisite approvals.  The complaint, filed in August 2025, asserts claims for breach of contract, fraudulent suppression/inducement, misrepresentation, and promissory estoppel.

The defendant argues that this action should be dismissed in favor of a federal action it filed in Louisiana in April 2025.  In the alternative, the defendant proposes that this action be either transferred to the Louisiana forum or stayed until that court resolves a motion to transfer to this forum.  In the further alternative, the defendant asks that this action be dismissed or transferred for want of personal jurisdiction and for lack of a

proper venue.  The defendant invokes subsections (2), (3), and (6) of Rule 12(b).  (Doc. 13 at 1, 4, 12).

## DISCUSSION

"The first-filed rule provides that when parties have instituted competing or parallel litigation in separate [federal] courts, the court initially seized of the controversy should hear the case."  *Collegiate Licensing Co. v. American Casualty Co.*, 713 F.3d 71, 78 (11th Cir. 2013).  The defendant's motion invokes this rule.  (Doc. 13 at 4-7).

The parties agree that this action and the Louisiana action are sufficiently related to trigger application of the first-filed rule.  (Doc. 13 at 6; Doc. 15 at 4).  However, the rule is subject to exceptions, and the plaintiff identifies two circumstances as justifying departure from it:  (1) an express choice-of-venue provision in the Contract that designates the state and federal courts located in Mobile County, Alabama as the sole proper fora for any action to enforce or interpret the Contract; and (2) the defendant's allegedly improper anticipatory filing of the Louisiana action.  (*Id*. at 5-10).

The Court need not reach the plaintiff's arguments.  "The first-filed rule not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second suit must be dismissed, stayed, or transferred and consolidated."  *Collegiate Licensing*, 713 F.3d at 78.  As this Court has written, "[c]ase authorities are legion for the proposition that the first-filed court, and not the second-filed court, should make the determination of whether to apply the first-filed rule."  *White v. Microsoft Corp.*, 2006 WL 8437872 at *4 (S.D. Ala. 2006).  This continues to be the practice within the Eleventh Circuit.  *E.g., Humbert v. Bytedance, Inc.*, 2025 WL 2412155 at *2 (N.D. Fla. 2025) (citing additional cases).

The plaintiff recognizes this principle but argues the Court should not apply it, on the grounds that the defendant has not raised the first-filed rule in the Louisiana action.  (Doc. 15 at 10 n.4).  The plaintiff has the shoe on the wrong foot:  it is incumbent on the plaintiff, as the party seeking relief from the first-filed rule, to present the issue to the Louisiana court -- as the very authority on which the plaintiff relies makes clear.  *White*,

2006 WL 8437872 at *4 (requiring the party favoring the second-filed forum to raise the issue in the first-filed forum).

The defendant proposes that the Court dismiss this action without prejudice as violative of the first-filed rule. (Doc. 13 at 4, 12). This Court has identified "[t]he well-marked and well-beaten path in these circumstances [a]s to stay, not dismiss, this second-filed action while [the plaintiff] (if it chooses to do so) litigates the applicability of the first-filed doctrine in the [Louisiana action]." *White*, 2006 WL 8437872 at *4 (citing cases). Sister courts have continued to employ this approach. *Humbert*, 2025 WL 2412155 at *2 (citing cases).

The defendant argues that, even if this case ultimately proceeds despite the first-filed rule, neither personal jurisdiction nor venue is proper in this District. (Doc. 13 at 7-11). Because this action will be stayed pending resolution of any first-filed issue by the Louisiana court, consideration of these arguments would be premature at this time.

## CONCLUSION

For the reasons set forth above, the defendant's motion to stay is **granted**. This action is **stayed** pending the Louisiana court's resolution of any challenge to application of the first-filed rule.[1] The plaintiff is **ordered** to file and serve, on or before **November 10, 2025**, and on or before the tenth day of each month thereafter, a status report detailing developments in the Louisiana action pertinent to the instant stay. The defendant's motion to dismiss or transfer pursuant to the first-filed rule is **denied**. The defendant's motion to dismiss or transfer pursuant to Rule 12(b)(2) and/or Rule 12(b)(3) is subject to the global stay of this action.

DONE and ORDERED this 4th day of November, 2025.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] The Louisiana court denied the plaintiff's motion to transfer (which did not implicate the first-filed rule) on October 31, 2025.